IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:08-CR-75-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TITO LAMONT ANDERSON, ) | |
| ) | |
| Defendant. ) | |

On February 23, 2009, pursuant to a written plea agreement, Tito Lamont Anderson ("Anderson") pleaded guilty to conspiracy to distribute with intent to distribute more than 50 grams of cocaine base (crack). See [D.E. 1, 23, 24]. On August 18, 2009, the court held Anderson's sentencing hearing. See [D.E. 30, 31]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Anderson's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See [D.E. 31] Statement of Reasons. After granting the government's motion under U.S.S.G. § 5K1.1 [D.E. 28] and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Anderson to 198 months' imprisonment. See [D.E. 31].

On June 29, 2015, Anderson moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 54]. On June 5, 2017, the government responded in opposition. See [D.E. 64].

The court sentenced Anderson as a career offender. See, e.g., PSR ¶ 35. Thus, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment

782. See, e.g., United States v. Woods, 675 F. App'x 347 (4th Cir. 2017) (per curiam) (unpublished); United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) (per curiam) (unpublished). Accordingly, the motion is denied.

Alternatively, even if the court has discretion to reduce Anderson's sentence, the court would decline to do so. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Anderson's sentence, the court finds that Anderson engaged in serious criminal behavior. See PSR ¶¶ 10–13. Moreover, Anderson is a violent recidivist, with convictions for larceny (two counts), possession of drug paraphernalia, possession of cocaine, possession with intent to sell and deliver cocaine (four counts), assault inflicting serious injury, resisting a public officer, driving while license revoked (two counts), and conspiracy to sell and deliver marijuana. See id. ¶¶ 15–30. Anderson also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 29, 47–55.

Having reviewed the entire record and all relevant policy statements, the court finds that Anderson received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Anderson's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Anderson's motion for reduction of sentence under Amendment 782. See, e.g.,

2

Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Anderson's motion for reduction of sentence [D.E. 54].

SO ORDERED. This **25** day of January 2018.

                                           JAMES C. DEVER III
                                           Chief United States District Judge